Erwin *v.* Foster.

6L 187
4pi 367

## HUGH ERWIN *v.* R. C. FOSTER *et al.*

PLEADINGS AND PRACTICE. *Administrator. Statute of limitations. Scire facias.* It is not a good plea to a *scire facias* to revive a suit in this court against the personal representative of a decedent, that the time of the bar of a suit under the statute for the protection of defendant's estates had elapsed between the qualification of the personal representative and the issuance of the *scire facias.*

### FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. N. BAXTER, Sr., J.

DEMOSS & MALONE for revivor.

JOHN REID against revivor.

COOPER, J., delivered the opinion of the court.

On March 11, 1880, an order was made by this court in this cause, reciting that the death of James H. Foster, one of the defendants, had been suggested and proved on the 15th of March, 1878; that E. H. Foster, a non-resident of the State, had qualified as executor of his will on November 1, 1876, and that plaintiff was entitled to revive the suit, and directing a *scire facias* to issue for the said E. H. Foster, executor, requiring him to show cause by the first day of the present term why the suit should not be revived against him. On September 20, 1880, *scire facias* issued as directed, service of which was acknowledged by the defendant's attorney. A plea has been filed to the *scire facias*, averring that the defendant was appointed and qualified as executor of James H. Foster on November 1, 1876, and more than three years and six months before the issuance of the *scire facias*, and he therefore relies on the statute of limitations in favor of personal representatives. The plaintiff has demurred to the plea, upon the ground that the facts stated are not sufficient in law to prevent a revivor, and that the *scire facias* is not a new action but a continuation of the pending suit.

The plea is, that the time necessary to create the bar of the statute had elapsed before the issuance of the *scire facias,* and it is perhaps sufficient to say

that the right to revive is fixed by the order, and not by the *scire facias* based thereon. A writ of error, says Mr. Tidd, does in no case abate by the death of the defendant in error: 2 Tidd's Pr., 1163; and by the Code, sec. 2854: "No appeal or writ of error in any cause or court shall abate by the death of either plaintiff or defendant, but may be revived by or against the heir, personal representative or assign under the foregoing rules." These rules are, by Code, sec. 2846, that no- civil actions commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; and by Code, sec. 2843, that no suit shall abate or discontinue for the death of either party until the second term after the death has been suggested and proved or admitted, and entry to that effect made of record. If the original suit be not abated or discontinued, a *scire facias* to revive must necessarily be a continuation of the suit. We have so held at the present term of a *scire facias* to revive a judgment in this court: *McIntosh* v. *Paul,* MS. The plea does not contest the right to revive when the order was made, and the existence of such a valid order is incompatible with the idea of an abatement or discontinuance of the suit: *Holland* v. *Harris,* 2 Sneed, 68.

The demurrer must be sustained and the suit revived.